**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**LAND TRUST NO. 2201 SOBT,**
 a Florida Land Trust dated
 September 4, 2019,

  Plaintiff,
v.              **CASE NO.:**

**ORANGE COUNTY, FLORIDA,**

  Defendant.
_____/

**COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF**

Plaintiff, Land Trust No. 2201 SOBT, a Florida Land Trust dated September 4, 2019 (hereinafter "2201"), by and through undersigned counsel, sues Defendant, County of Orange, Florida (hereinafter "Orange County"), and in furtherance states:

**I
JURISDICTION**

1. This action arises under the First and Fourteenth Amendments to the United States Constitution.  This court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 1331, 1343, 42 U.S.C. Sections 1983 and 1988.

## II
## VENUE

2. Venue properly lies within the territorial jurisdiction of this court in that the cause of action and the subject matter of the lawsuit addresses Chapter 3 of Orange County's "Adult Entertainment Code", Orange County, Middle District, Florida.  See 28 U.S.C. Section 1391(b).

## III
## PARTIES

3. Plaintiff, Land Trust No. 2201 SOBT, a Florida Land Trust dated September 4, 2019, is a Florida corporation owning property in Orange County, Florida.  See more detail below.

4. Defendant, Orange County, is a political subdivision of the State of Florida and is organized under the laws and the constitution of the state of Florida. See e.g. Article VIII, Florida Constitution.

## IV
## BACKGROUND AND FACTS

5. This case presents a United States constitutional challenge under the First Amendment to Orange County's Adult Entertainment Code, Chapter 3, Article III, titled "Distance and Zoning Restrictions." (locations where First Amendment "adult entertainment establishment" may locate, e.g. "non-obscene" erotic dancing). See Section 3-6, Orange County Code for definitions.

6. Because "adult entertainment" venues and in this case, more specifically, "burlesque", "striptease" or (non-obscene) "erotic dancing" flows

2

<u>directly</u> from the <u>designated land use</u>, the Supreme Court has mandated that every county, etc. must set aside requisite (constitutionally sufficient) land sites for this type of provocative entertainment. Orange County does not. See e.g., *Young v. American Mini-Theaters, Inc.*, 427 US 50, 1976); *Schad v. Mt. Ephraim*, 452 US 61 (1981); *City of Renton v. Playtime Theaters*, 475 US 41 (1986), and progeny.

7. More specifically, this case presents a First Amendment challenge to Article III, Chapter 3 of Orange County's adult entertainment code, etc., titled "Distance and Zoning Restrictions."

8. To put this matter into perspective, there are probably no more than (approximately) fifteen parcels of land in Orange County that have been set aside for so-called "adult entertainment," e.g., First Amendment "erotic dancing." See Section 3-6, Orange County Code.

9. Geographically speaking, Orange County is one of the largest counties in Florida. It extends across Central Florida contiguous to Lake County and Brevard County.

10. Orange County's population has increased exponentially. Many experts believe that the population increases on a daily basis.

11. But at this juncture, a reasonable estimate is that population of unincorporated Orange County is in excess of 931,000 people.

12. That leads us back to the plaintiff, Land Trust No. 2201 SOBT, a Florida Land Trust dated September 4, 2019.

13. The specific parcel of land known as 2201 S. Orange Blossom Trail has been designated a <u>First Amendment land use</u> parcel (designated for erotic dancing) for <u>four decades</u>.

14. That parcel is considered a nonconforming use.

15. Without any formal notice, process, guidelines, culpability, etc. Orange County and the Tax Collector have unilaterally extinguished the First Amendment land use for this four-plus-decade designated property. That litigation is the subject of *Land Trust No. 2201 SOBT, a Florida Land Trust dated September 4, 2019, v. Scott Randolph and Orange County*, Case No. 6:23-cv-00694-RBD-LHP.

16. When the court reviews Article III, Chapter 3 of Orange County's Adult Entertainment Code (and related provisions) it will see that it is extraordinarily restrictive as to where an "adult entertainment establishment" can be located. See Section 3-6 of Orange County's Adult Entertainment Code. To use Orange County's parlance, erotic dancing is a form of commercial entertainment titled "Adult Performance Establishment". See definition at Section 3-6.

17. Applying scientific data as well as satellite imagery, in addition to "old fashioned" physically walking such locations, Orange County has virtually little (to no) requisite sites that meet its "Draconian" restrictive location requirements under its code, Chapter 3.

18. Irrespective of the math and constitutional analysis, Orange County must have somewhere between 100 to 150 parcels that are specifically set aside and <u>designated</u> for First Amendment use, i.e., "erotic dancing". They do not.

19. Obviously, this is of pertinent consideration to the plaintiff since Orange County and the Tax Collector have unilaterally without notice divested and confiscated the First Amendment/Erotic Dancing designation for the plaintiff's property.

20. Therefore, it is as much a matter of commonsense as law that if the plaintiff does not prevail in its current litigation, it would need a "new" First Amendment designated land parcel that fulfills First Amendment criteria, Chapter 3 criteria.

## V
## CHALLENGES

21. Orange County's zoning scheme, its adult entertainment zoning scheme, including Article III titled Distance and Zoning restrictions is unconstitutional under the First Amendment to the United States Constitution (applicable to the states via the Fourteenth Amendment) because it does not have the requisite (or even close to the requisite) land sites available for this style of provocative First Amendment protected expression, i.e. erotic dancing. See cases cited above, progeny, and Chapter 3, Section 3-6, Orange County Code for First Amendment classifications.

# VI
# CLAIMS

## COUNT ONE
## DECLARATORY JUDGMENT

22. The plaintiff realleges and adopts each and every fact set forth in all preceding paragraphs of this Complaint as if fully set forth herein.

23. There is a substantial and actual justiciable controversy of plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution as those rights will be affected by the enforcement of Orange County Adult Entertainment Code, Article III, Chapter 3, specifically its Zoning and Distance Requirements.

WHEREFORE, the plaintiff urges this Court as follows:

a. To issues a judgment declaring Orange County's Adult Entertainment Code, Chapter 3, specifically including Article III, Distance and Zoning Restrictions, unconstitutional under the First and Fourteenth Amendments to the United States Constitution.

b. To declare and issue a final judgment requiring Orange County to revise, amend, and create new (constitutional) sites for "provocative expression" protected by the First Amendment.

c. To award the plaintiff its costs and reasonable attorneys' fees. 42 U.S.C. Sections 1983 and 1988.

d. To grant any additional relief deemed just and equitable by the court.

## COUNT TWO
## PERMANENT INJUNCTION

24. The plaintiff realleges and adopts each and every fact set forth in all preceding paragraphs of this Complaint as if fully set forth herein, <u>except</u> those paragraphs outlined in the preceding cause of action, "declaratory judgment."

25. The plaintiff has a clear legal right to obtain a constitutionally designated parcel/property for First Amendment – "adult entertainment" purposes (e.g., "erotic dancing") as protected under the First Amendment to the United States Constitution.

26. The plaintiff will suffer irreparable injury if an injunction is not issued. The loss of its constitutional and First Amendment rights is so serious that, as a matter of law, irreparable injury is presumed.

27. The plaintiff has no adequate remedy at law.  In cases involving the loss of constitutional and First Amendment rights, such as in this case, damages are both inadequate and unascertainable.

28. The public interest would be served by the granting of injunctive relief. In fact, the public interest is disserved by an unconstitutional ordinance(s) that interferes with the public's rights under the First Amendment.

WHEREFORE, the plaintiff urges this Court as follows:

a. To issue a permanent injunction forever prohibiting the County of Orange and its agents from enforcing its adult entertainment code, Chapter 3,

7

specifically including Article III against the plaintiff and other individuals similarly situated; and

  b. To issue an injunction requiring Orange County to make available constitutionally adequate sets for First Amendment protected activity, e.g., "erotic, (non-obscene) dancing protected by the First Amendment, United States Constitution.  See classifications/definitions in Section 3-6, Orange County Code.

  c. To award the plaintiff its costs and reasonable attorneys' fees.  42 U.S.C. Sections 1983 and 1988.

  d. To award the plaintiff any additional relief deemed adequate and just by the court.

Respectfully submitted this 15th day of June 2023 at Orlando, Orange County, Florida.

By:  <u>Steven G. Mason</u><br>Florida Bar #842508

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of June 2023 the foregoing Complaint was filed with the Clerk of Court, United States District Court, via electronic filing.

| s/MICHAEL SINGH, ESQUIRE | s/STEVEN G. MASON, ESQUIRE |
|---|---|
| FLORIDA BAR 1015644 | FLORIDA BAR 842508 |
| SSM LAW GROUP | STEVEN G. MASON, P.A. |
| 814 GENE STREET | 280 ROLLINGWOOD TRAIL |
| WINTER PARK, FL 32789 | ALTAMONTE SPG, FL 32714 |
| (407) 900-9055 | (321) 352-2016 |
| michael@ssmlawgroup.com | sgmasonlaw@gmail.com |